UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

HERBERT WEISSMAN on behalf of himself and
all other similarly situated consumers

                        Plaintiff,

     -against-

C. TECH COLLECTIONS, INC.

                        Defendant.

_____

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Herbert Weissman seeks redress for the illegal practices of C. Tech Collections, Inc. in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

### *Parties*

2. Plaintiff is citizen of the State of New York who resides within this District.

3. Plaintiff is consumer as that term is defined by Section 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within Mount Sinai, New York.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to Herbert Weissman*

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about February 19, 2014, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

12. Said letter states in pertinent part as follows: "We previously wrote explaining that your failure to pay $ 211.43 could result in further collection procedures."

13. Said language is including, but not limited to, a threat to take unintended legal action.

14. Defendant does not commonly file suits at or about the amount of the Plaintiff's debt which is alleged to be $211.43.

15. The least sophisticated consumer would interpret the language in the said letter to mean that legal action was authorized by the Creditor, and imminent.

16. The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §§ 1692e and 1692e(10).

17. Defendant violated 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) of the FDCPA by

       threatening to take action against Plaintiff even though Defendant has not and does not intend to take such action, and for false and deceptive acts.

18. In addition, the said letter states in pertinent part as follows: "A $3.00 convenience fee will be added for credit card payments."

19. The notification and collection of the $3.00 convenience fee is unlawful.

    See e.g. *Shami v. National Enter. Sys.*, 2010 WL 3824151 (E.D.N.Y. Sept.23, 2010) (The court concluded that the complaint sufficiently pleaded a cause of action for violation of §§ 1692f(1) and 1692e(2). The complaint involved a collection letter including the language ''you can now pay by automated phone system . . . or on the internet. Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account. You are not required to use the automated phone system or the internet to make payment on this account.''), *McCutcheon v. Finkelstein, Kern, Steinberg & Cunningham*, 2012 WL 266893 (M.D. Tenn. Jan.30, 2012). (The plaintiff stated a viable FDCPA claim by alleging that the defendant collected or attempted to collect a $4.24 payment processing fee not expressly authorized by the agreement creating the debt.), *Quinteros v. MBI Assocs.*, 2014 U.S. Dist. LEXIS 27735 (E.D.N.Y. Feb. 27, 2014). (FDCPA violated by Collector's Fee to process payments by credit card, or checks over phone.)

20. Defendant's convenience fee demand is in violation of 15 U.S.C. §§ 1692e(2) and 1692f(1) for engaging in deceptive practices, by making a false representation that it was entitled to receive compensation for payment by credit card, or by collecting an amount that was not authorized by contract or permitted by law.

## **AS AND FOR A FIRST CAUSE OF ACTION**

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

21. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twenty (20) as if set forth fully in this cause of action.

22. This cause of action is brought on behalf of Plaintiff and the members of two classes.

23. Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter, (a) bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff on or about February 19, 2014; (b) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Sheapshead Bay Surgery Center; and (c) the collection letter was not returned by the postal service as undelivered; and (d) the Defendant threatened to take any action that cannot legally be taken or that is not intended to be taken by Defendant in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) of the FDCPA.

24. Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff on or about February 19, 2014, sent within one year prior to the date of the within complaint; (a) the collection letter was sent to a consumer seeking payment of a consumer debt purportedly owed to Sheapshead Bay Surgery Center; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e(2) and 1692f(1) for making a false representation that it was entitled to receive compensation for payment by credit card.

25. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

 (a) Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

 (b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

 (c) The only individual issue involves the identification of the consumers who received such collection letters, (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

 (d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

 (e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

26. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

27. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

28. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

29. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

30. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

(a)  Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

And

(b)  Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)  Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
December 23, 2014


    /s/ Adam J. Fishbein
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411


Plaintiff requests trial by jury on all issues so triable.


    /s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)

# C.tech
COLLECTIONS, INC.
Post Office Box 402 ♦ Mt. Sinai, NY 11766

Date: 02/19/2014
Re: SHEEPSHEAD BAY SURGERY CENTER
Account #: 8011-413-10470
Client Code #: 01
Balance: $ 211.43

Dear Herbert Weissman:

We previously wrote explaining that your failure to pay $ 211.43 could result in further collection procedures. Since then, you have not communicated with us to discuss a payment schedule or to explain your reasons for non-payment.

Under the circumstances, we are asking you to remit the amount due so that this matter can be amicably concluded. An envelope is enclosed for your convenience.

Melissa Brown
Collection Division Manager
(631) 828-3145
(800) 571-0570

IMPORTANT CONSUMER NOTICE

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

New York City Department of Consumer Affairs License Number 0980854.

57ADCTEC015

*** DETACH HERE AND RETURN WITH REMITTANCE OR PAY ONLINE AT WWW.CTECH-COLLECTS.COM ***

A $3.00 convenience fee will be added for credit card payments.
If you wish to pay by credit card, please enter the requested information in the spaces provided.

CHECK ONE:  ☐ VISA   ☐ MasterCard    3 DIGIT SECURITY CODE (on back of card) ____
CARD NUMBER                              EXP. DATE /
CARDHOLDER SIGNATURE                     AMOUNT AUTHORIZED $



ADCTEC01
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

February 20, 2014

5    248114641

Herbert Weissman
1328 E 22Nd St
Brooklyn NY 11210-4517

MAIL ALL CORRESPONDENCE & PAYMENTS TO:
C.TECH COLLECTIONS, INC.
PO Box 402
Mt. Sinai NY 11766-0402

Date: 02/19/2014
Re: SHEEPSHEAD BAY SURGERY CENTER
Account # 8011-413-10470
Client Code #: 01
Balance: $ 211.43